UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 05-CR-218 (JBW) |
| v. | |
| RICARDO MORALES, | MEMORANDUM AND ORDER |
| Defendant. | |

JACK B. WEINSTEIN, Senior District Judge:

## I. Introduction

Defendant Ricardo Morales pled guilty on June 3, 2005 to one count of conspiracy to distribute and possess with intent to distribute 50 grams of cocaine base. *See* 21 U.S.C. §§ 846 and 841(b)(1)(A)(iii). A mandatory minimum sentence of ten years imprisonment is required, *see* 21 U.S.C. § 841(b)(1)(A)(iii), unless the defendant is eligible under a statutory "safety valve" provision permitting sentences below the minimum. *See* 18 U.S.C. § 3553(f); *United States v. Gambino*, 106 F.3d 1105 (2d Cir. 1997).

In this case of apparent first impression, whether defendant is eligible for the "safety valve" depends on when, under the Sentencing Guidelines, he is deemed to have been sentenced for an earlier crime. *See* U.S.S.G. § 4A1.2(e). For the reasons stated below the mandatory minimum is not applicable.



1

## II. Facts

Defendant is a small-time street-level dealer with no history of violence who sold drugs largely to feed his own habit. He has two prior convictions, one for a disorderly conduct violation and the other for a misdemeanor assault. *See* N.Y.P.L. § 240.20; N.Y.P.L. § 120.00. Both were committed in Morales' youth; the most recent occurred thirteen years ago. Morales was convicted of the misdemeanor assault charge in 1992 and sentenced to a three year probationary term. In 1996 he was resentenced to a one year term of imprisonment for violating probation by failing to complete required community service hours.

Since then, he has married, reared children and worked as a day laborer on construction jobs. By all accounts, he is a devoted father who has assumed responsibility for his wife's children from a previous relationship and other children in his extended family. Since his release on bond in March 2005, he has abided by all the conditions imposed by Pretrial Services. He has demonstrated a strong motivation to begin rehabilitating himself. He has been a stabilizing influence in the lives of his wife and children and the children in his extended family. To imprison him for an extended period of time would be unnecessarily destructive to him and to the family. It is unnecessary for the specific deterrence of this defendant. Morales does not represent a threat to public safety. He has, however, committed a serious crime and a non-custodial sentence is inappropriate. Under the advisory Sentencing Guidelines and section 3553(a) of Title 18, a lesser sentence would be imposed if the mandatory minimum were not required.

## III. Law

Section 3553(f) of Title 18 of the United States Code provides that the court shall impose sentence without regard to any mandatory minimum if, after the government has been heard, the court finds that:

> (1) <u>the defendant does not have more than 1 criminal history point, as determined under the sentencing guidelines</u>;
>
> (2) the defendant did not use violence or credible threats of violence or possess a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;
>
> (3) the offense did not result in death or serious bodily injury to any person;
>
> (4) the defendant was not an organizer, leader, manager, or supervisor of others in the offense, as determined under the sentencing guidelines and was not engaged in a continuing criminal enterprise, as defined in section 408 of the Controlled Substances Act; and
>
> (5) not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan, but the fact that the defendant has no relevant or useful other information to provide or that the Government is already aware of the information shall not preclude a determination by the court that the defendant has complied with this requirement.

18 U.S.C. § 3553(f) (emphasis supplied).

The impact of this section is substantial. Because he had dealt in cocaine base rather than powder cocaine, Morales faced a ten-year minimum sentence if he did not meet the requirements of the "safety valve" provision. *See* 21 U.S.C. § 841(b)(1)(A)(iii).

3

## IV. Application of Law to Facts

At sentencing, the prosecutor, defense counsel and the Eastern District Probation Department agreed that Morales had committed no violent crime, had not caused serious bodily injury to anyone, was not a leader in the offense and had been truthful since his arrest—thereby meeting four of the five "safety valve" criteria. *See* 18 U.S.C. § 3553(f). The parties, however, could not agree on whether "more than 1 criminal history point" should be assigned under the Guidelines.

Guidelines sentences are determined by a grid with two axes, one for criminal history and another for offense level. *See* U.S.S.G. § 5A. Criminal history is determined by the number, length and time of previous sentences. U.S.S.G. § 4A1.1. Sentences in excess of a year and a month imposed more than 15 years before the commencement of the offense for which sentence is being imposed, and sentences of a year and a month or less imposed more than 10 years before that current offense, are excluded from the criminal history calculation. U.S.S.G. § 4A1.2(e); *see also*, U.S.S.G. § 4A1.1 cmt ("The definitions and instructions in §4A1.2 govern the computation of the criminal history points. Therefore, §§4A1.1 and 4A1.2 must be read together.").

The case turns on whether the time of prior sentencing should be 1992, the original date of sentencing, or 1996, the re-sentence date on the violation of probation. If the former, the ten year period of section 4A1.2(e) of the Guidelines had expired by the time of the commission of the new offense, and the "safety valve" applies. If the latter, the previous sentence was fewer than ten years before the present crime and the "safety valve" does not apply.

4

The Sentencing Guidelines include a distinct provision concerning the calculation of criminal history points based on revocation of probation and parole. Since interpretation of this section was the source of controversy in the instant matter, it is set forth in full.

> (1) In the case of a prior revocation of probation, parole, supervised release, special parole, or mandatory release, add the original term of imprisonment to any term of imprisonment imposed upon revocation. The resulting total is used to compute the criminal history points for § 4A1.1(a), (b), or (c), as applicable.
>
> (2)(A) Revocation of probation, parole, supervised release, special parole, or mandatory release may affect the points for § 4A1.1(e) in respect to the recency of last release from confinement.
>
> (B) Revocation of probation, parole, supervised release, special parole, or mandatory release may affect the time period under which certain sentences are counted as provided in § 4A1.2(d)(2) and (e). <u>For the purposes of determining the applicable time period, use the following:</u> (i) in the case of an adult term of imprisonment totaling more than one year and one month, the date of last release from incarceration on such sentence (see § 4A1.2(e)(1)); (ii) in the case of any other confinement sentence for an offense committed prior to the defendant's eighteenth birthday, the date of the defendant's last release from confinement on such sentence (see § 4A1.2(d)(2)(A)); and <u>(iii) in any other case, the date of the original sentence</u> (see § 4A1.2(d)(2)(B) and (e)(2)).

U.S.S.G. § 4A1.2(k) (emphasis supplied).

In its initial Presentence Report and First and Second Addenda, the Eastern District Probation Department maintained that subparagraph (iii) of paragraph (B) applied only to juvenile offenses, and not to Morales' adult misdemeanor conviction. Defense counsel and the prosecution demurred. Upon consultation with the United States Sentencing Commission, the Probation Department issued a Third Addendum to its Presentence Report in which it stated that

5

"[i]t is the Commission's interpretation that subsection (iii) applies to both adult and juvenile convictions." Third Add. to PSR 1. The prosecutor concedes that this view is correct. As a consequence of this interpretation, Morales' sentence on revocation of probation is effective from the date of his original sentence (October 15, 1992), not the date of resentencing (November 15, 1996).

As already noted, Morales was sentenced to a one year term of imprisonment which is to be included in his criminal history calculation as a point only if it was imposed fewer than ten years before the instant offense. *See* U.S.S.G. § 4A1.2(e). The current offense was committed in December 2004. The revocation sentence, pursuant to the Sentencing Commission's view, is effective from October 15, 1992, "the date of the original sentence," U.S.S.G. § 4A1.2(k)(2)(B)(iii). Thus, the sentence in question antedates the instant offense by more than ten years and does not result in a point in the criminal history calculation. Morales has no criminal history points under the Guidelines. He is eligible for the "safety valve" provision. 18 U.S.C. § 3553(f). No minimum sentence is required.

## V. Conclusion

In light of the nature and circumstances of the offense and the history and characteristics of the defendant, as more fully described in the Presentence Report and addenda, the government and defendant's submissions and the court's statements at sentencing, the defendant is sentenced to 24 months imprisonment, five years supervised release and a $100 special assessment. *See* 18 U.S.C. § 3553(a).

Defendant is directed to surrender on January 2, 2006 at a location to be arranged with Pretrial Services.

SO ORDERED.

*[signature: Jack B. Weinstein]*

Jack B. Weinstein

Dated: November 29, 2005
        Brooklyn, New York

```
************ -COMM. JOURNAL- ****************** DATE NOV-29-2005 ***** TIME 16:34 ********
```

```
        MODE = MEMORY TRANSMISSION            START=NOV-29 16:27    END=NOV-29 16:34

            FILE NO.=106

        STN NO.   COMM.   ABBR NO.   STATION NAME/TEL NO.   PAGES      DURATION

         001      OK       а        917187930165           008/008   00:04:29
         002      OK       а        917182546327           008/008   00:01:40
```

```
                                                            -HON. JACK B. WEINSTEIN   -

***************************** -JBW             - ***** -    1 718 260 2527- **********
```



Jack B. Weinstein
Senior United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, N.Y. 11201

Tel: (718) 260-2520
Fax: (718) 260-2527

TO:  Robert D. DiDio           – (718) 793-0165
     Colleen Kavanagh          – (718) 254-6327

DATE: November 29, 2005                    # PAGES WITH COVER: 8

RE:  Memorandum & Order – *United States v. Morales*, 05-CR-218 (JBW)
     Please distribute. This order will also appear on the ECF system shortly.
     Please contact law clerk Christopher Wimmer at (718) 260-2524 if you believe
     this distribution list should be altered.